2006 ME 26

**Patricia K. BRADBURY**

v.

**John C. BRADBURY.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Sept. 13, 2005.

Decided: March 29, 2006.

Marvin H. Glazier, Esq., Susan R. Kominsky, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, for plaintiff.

Martha J. Harris, Esq., Paine, Lynch & Harris, P.A., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Concurrence: DANA, J.

SAUFLEY, C.J.

[¶ 1] Patricia K. Bradbury appeals from a divorce judgment entered in the District Court (Lincoln, *Stitham, J.*) following a hearing. She contends, among other things, that the court erred in failing to consider John C. Bradbury's Social Security benefits in the division of marital property. Finding no error, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Patricia Bradbury filed for divorce in May of 2001, after nearly thirty-one years of marriage. At the time of the divorce, Patricia was fifty-five years old and John was fifty-six. Throughout their marriage, Patricia, an elementary school teacher and principal, contributed to the Maine State Retirement System and, therefore, was not a member of the Social Security system. John, on the other hand, was the sole employee of a self-owned corporation and made contributions to the Social Security system during the time they were married.

[¶ 3] The court entered a divorce judgment, and as part of that judgment, awarded half of Patricia's Maine State Retirement System benefits to John. Although the parties had, after some struggle, stipulated to a current value for John's Social Security benefits, the court refused to take that value into account in the division of marital property. According to the court, the stipulated value was based on two assumptions: (1) John would work until age sixty-six, and (2) no changes would occur in Social Security law that would impact the present value of John's benefits. The court found no sufficient basis to conclude that John would work until age sixty-six, and found that even if he did work that long, there was insufficient basis to conclude that the benefits would be in the amount stipulated as the current value. Accordingly, the court refused to analyze John's Social Security benefits in its division of marital property.

## II. DISCUSSION

 [¶ 4] We review a trial court's division of marital property to determine if the court exceeded the bounds of its discretion. *Murphy v. Murphy*, 2003 ME 17, ¶ 27, 816 A.2d 814, 822. A trial court's decision will only be overturned if it results in a "violation of some positive rule of law or if the division results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Bradshaw v. Bradshaw*, 2005 ME 14, ¶ 15, 866 A.2d 839, 844.

[¶ 5] In a divorce action, "the court shall set apart to each spouse the spouse's property and shall divide the marital property in proportions the court considers just after considering all relevant factors." 19-A M.R.S. § 953(1) (2005). Factors considered relevant to the court's division of marital property include, among other things, "[t]he economic circumstances of each spouse at the time the division of property is to become effective." *Id.* § 953(1)(C).

 [¶ 6] In *Depot v. Depot*, we upheld the principle that a court may consider Social Security benefits as a relevant factor in its equitable division of property. 2006 ME 25, ¶ 18, 893 A.2d 995, 1002. However, although the benefits may be considered a "relevant factor," a court may not attribute a present value to the benefits and may not distribute marital property in a manner that attempts to proportionately offset anticipated Social Security benefits. *Id.* ¶¶ 10, 11, 893 A.2d at 999. Ultimately, whether an individual's anticipated Social Security benefits should be considered at all depends upon an analysis of a number of factors:

Although "relevance" necessarily turns on a multiplicity of factors, two stand out: First, whether it is reasonable to expect that one or both spouses will qualify for and receive Social Security retirement benefit payments in the reasonably foreseeable future; and second, whether the anticipated benefit payments are a substantial financial consideration when viewed in relation to the retirement assets and other sources of income that will be available to each spouse following the divorce. If both questions are answered in the affirmative, it is likely that the anticipated benefit payments are relevant to the court's analysis.

*Id.* ¶ 18, 893 A.2d at 1002.

[¶ 7] In the matter before us, the court acted within the bounds of its discretion when it viewed the circumstances of the case and determined that John's potential receipt of Social Security benefits was too speculative to consider in the equitable division of marital property. Although *Depot* clarifies that no abuse of discretion occurs when a court takes into account anticipated Social Security benefits that are not speculative, it in no way requires the court to rely on a forced analysis of benefits several, or many, years into the future.

 [¶ 8] Here, John was ten years from retirement. Both parties' experts expressed the difficulty of calculating the value of his benefits ten years from now. Accordingly, the court did not err in refusing to take John's or Patricia's potential receipt of Social Security into account,[1] and the court acted within the bounds of

---

1. Patricia also argues that, even excluding Social Security benefits, the court's division of marital property was inequitable. We are not persuaded by this argument. *See Doucette v. Washburn*, 2001 ME 38, ¶ 24, 766 A.2d 578, 586 (recognizing that a just distribution "is not synonymous with an equal distribution," but must be "fair and just considering all of the circumstances of the parties").

its discretion in its division of marital property.

The entry is:

Judgment affirmed.

DANA, J., concurring.

[¶ 9] For the reasons set forth in my dissent in *Depot v. Depot*, 2006 ME 25, ¶¶ 20–23, 893 A.2d 995, 1002–03, I agree the court did not err in not considering John's prospective Social Security benefits when dividing marital property.